UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARKEL INTERNATIONAL INSURANCE,
COMPANY LIMITED,

    Plaintiff,

vs.                                     Case No. 8:09-cv-400-T-27TBM

INTERNATIONAL BROKERAGE & SURPLUS
LINES, INC., et al.,

    Defendants.
_____/

## ORDER

**BEFORE THE COURT** are Plaintiff's Renewed Motion for Entry of Default Final Judgment Against Defendant Clyde J. Holliday, IV (Dkt. 69) and Plaintiff's Motion for Trial Continuance (Dkt. 71). As set forth below, Plaintiff's Renewed Motion for Entry of Default Final Judgment Against Defendant Clyde J. Holliday, IV is DENIED without prejudice and Plaintiff's Motion for Trial Continuance (Dkt. 71) is GRANTED.

Plaintiff has established that Defendant Clyde J. Holliday, IV ("Janner Holliday") was served with the Summons and the Amended Complaint (Dkt. 36). Because Holliday failed to respond within the time required by Fed. R. Civ. P. 12(a), default was entered against him. (Dkt. 38). By his default, Holliday is deemed to have admitted the well-pleaded averments in the Amended Complaint (the "Complaint"). *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009). However, Plaintiff fails to show that the Complaint sets forth a sufficient legal basis for the entry of default judgment pursuant to Fed. R. Civ. P. 55(b)(2).

Count VI purports to state a claim for "Personal Liability Against Janner Holliday (Piercing the Corporate Veil)." Generally, a plaintiff's contention that a corporate entity's separate form should be disregarded requires proof that "(1) the *shareholder* dominated and controlled the corporation to such an extent that the corporation's independent existence was in fact non-existent and the *shareholders* were in fact alter egos of the corporation; (2) the corporate form [was] used fraudulently or for an improper purpose; and (3) the fraudulent or improper use of the corporate form caused injury to the claimant." *Seminole Boatyard, Inc. v. Christoph*, 715 So. 2d 987, 990 (Fla. 4th DCA 1998) (emphasis added). Here, Plaintiff contends that the corporate form (and limited liability) of Defendant Inovus, LLC ("Inovus") should be disregarded.

The Complaint alleges, *inter alia*, (a) that Janner Holliday was an officer or director of Defendant International Brokerage and Surplus Lines, Inc. ("IBSL") (Dkt. 22,¶¶ 6, 83) and the president of Inovus (*id.* ¶¶ 12, 83), and that IBSL transferred its assets to Inovus with the intent to defraud or delay payment to its creditors (*id.* ¶¶ 8, 72), (b) that "Janner Holliday organized and/or uses Inovus to mislead and/or IBSL's creditors and/or to perpetrate a fraud upon them, including [Plaintiff]" (*id.* ¶ 91), and (d) that "Janner Holliday . . . dominates and controls Inovus to the extent that Inovus has no independent existence, and Janner Holliday is the alter-ego of Inovus" (*id.* ¶ 93). However, as the Complaint does not appear to allege that Janner Holliday is a *shareholder* or owner of Inovus, Plaintiff's veil-piercing theory of liability appears inapplicable. *See Centimark Corp. v. A to Z Coatings & Sons, Inc.*, No. 6:05-cv-136-Orl-DAB, 2007 WL 4557247, at *5 (M.D. Fla. Dec. 21, 2007) (finding the theory inapplicable where defendant was not a shareholder of the corporate entity). Additionally, Defendant Inovus's Stipulation of Non-Objection to the Entry of Default Final

Judgement Against Clyde J. Holliday, IV (Dkt. 69-1) is not easy to reconcile with Janner Holliday's alleged domination of Inovus. Finally, a contention that the corporate veil should be pierced is not an independent claim but a theory of derivative or individual liability for corporate obligations. However, Plaintiff's claims against Inovus has been voluntarily dismissed, and Plaintiff's motion does not adequately demonstrate the legal and factual basis of the underlying corporate liability.

Accordingly, Plaintiff's Renewed Motion for Entry of Default Final Judgment Against Defendant Clyde J. Holliday, IV (Dkt. 69) is **DENIED** without prejudice.

Plaintiff's Plaintiff's Motion for Trial Continuance (Dkt. 71) is **GRANTED** . The pretrial conference scheduled for August 11, 2010 is cancelled and this matter will be removed from the trial calendar.

On or before **August 31, 2010**, Plaintiff shall file a renewed motion for final default judgment against Defendant Clyde J. Holliday, IV that addresses the deficiencies discussed above. Failure to comply will result in dismissal of this action without further notice.

**DONE AND ORDERED** in chambers this 9th day of August, 2010.

JAMES D. WHITTEMORE
United States District Judge

Copies to:  Counsel of Record